IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

HENRY L. LESTER,

                Plaintiff

    VS.

RALPH BATTLE, *et al.*,

                Defendants

NO. 5:06-CV-178 (CWH)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## O R D E R

The plaintiff has filed two MOTIONS TO COMPEL[1] discovery in the above-styled case. Tabs #54 and #67. The defendants have filed responses to the plaintiff's motion. Tabs #56 and #76. After careful review, it is apparent that the plaintiff has had ample opportunity to review his medical records which is the subject of the instant discovery dispute.[2] Accordingly, the plaintiff's MOTIONS TO COMPEL (Tabs #54 and #67) are DENIED. **Additionally, the plaintiff is cautioned that if he files any additional motions to compel discovery, he will be required to pay the defendants' legal fees associated with opposing the motion unless the court views the motion as being substantially justified.[3] Frivolous motions will not be tolerated.**

---

[1]The plaintiff's December 18th motion (Tab #54) is captioned "PLAINTIFF'S MOTION OBJECTING TO THE DEFENDANT'S REPONSE'S TO PLAINTIFF INTERROGATORIES AND DISCOVERY WHICH ARE NEEDED BADLY," and that filing could be considered an objection to the defendants' response to his discovery request. The court has considered it as both an objection and as a motion and finds no merit in either.

[2]It is also noted that the plaintiff couched his discovery request in the form of an interrogatory, when in fact it was a request for the production of documents.

[3]The court has the authority to award such sanctions pursuant to Federal Rule of Civil Procedure Rule 37(a)(4)(B).

Also remaining on the docket is the plaintiff's MOTION FOR EXTENSION OF TIME to file a response to the defendants' Motion for Summary Judgment. Tab #72 . The plaintiff's motion asks that the court extend the time that he has to respond until after he receives the answers to his interrogatory. Since the plaintiff's motion to compel has been denied, there is no reason for the court to stay the proceeding, and the plaintiff's motion (Tab #72) is DENIED. However, the court will afford him until March 30, 2007 to file his response.

The plaintiff has also filed a MOTION SEEKING A COURT ORDER ON THE DEFENDANT'S ACTS OF RETALIATION. Tab #55. It is unclear exactly what the plaintiff's motion is asking for and the court will consider it as both a motion for a temporary restraining order and as a motion to amend his complaint to include allegations of retaliation.

A temporary restraining order (TRO) or preliminary injunction is a drastic remedy used primarily for maintaining the status quo of the parties. *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983). A TRO or injunctive relief is only appropriate where the movant demonstrates that (1) there is a substantial likelihood of success on the merits; (2) the TRO or injunction is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm that the TRO or injunction would cause to the non-movant; and (4) the TRO or injunction would not be adverse to the public interest. *Parker v. State Board of Pardons and Paroles*, 275 F.2d 1032, 1035 (11th Cir. 2001). Furthermore, injunctive relief will not issue unless the complained of conduct is imminent and no other relief or compensation is available is available. *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987).

Plaintiff Lester has failed to demonstrate a likelihood of success on the merits or an impending irreparable injury that would occur if a TRO is not granted. Accordingly, IT IS RECOMMENDED that plaintiff's motion considered as a motion seeking injunctive relief (Tab #55) be DENIED. Pursuant to 28 U.S.C. §636(b)(1), plaintiff may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

To the extent that the plaintiff's December 21st Motion (Tab #55) was meant to amend his complaint to include allegations of retaliation for filing of grievances, that motion is DENIED *without prejudice* to re-file the retaliation claim in a separate action. Plaintiff is certainly free to pursue a new, separate lawsuit against any state officials he believes have retaliated against him.

Finally, the court notes that the plaintiff's November 16, 2006 Motion amending the plaintiff's September 27, 2006 MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY (Tab #26) is still listed as pending on the docket. That motion is DENIED as moot. *See* Tab #74.

SO ORDERED AND RECOMMENDED, this 6th day of March, 2007.



                                                CLAUDE W. HICKS, JR.
                                                UNITED STATES MAGISTRATE JUDGE