IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

HENRY LESTER,

    Plaintiff

VS.

RALPH BATTLE, *et al.*,

    Defendants

NO. 5:06-CV-178 (CWH)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# O R D E R

Before the court are the defendants' Motions for Summary Judgment in the above-styled case (Dr. Model Neway at Tab #46; remaining defendants at Tab #60) which are both supported by briefs, exhibits, and Statements of Undisputed Material Facts. Plaintiff HENRY LESTER has responded to the defendants' motions.

In his complaint, plaintiff Lester alleges that the defendants acted with deliberate indifference to his serious medical needs while he was incarcerated within the Georgia Department of Corrections. Specifically Lester alleges that the defendants failed to provide constitutionally sufficient treatment for his pain.

All parties have consented to the undersigned, a full time United States Magistrate Judge, to conduct all proceedings pursuant to 28 U.S.C. §636(c)(1) and (2) and Local Rule 72.

## SUMMARY JUDGMENT STANDARD

As previously indicated to the plaintiff in the court's notice (Tab #44), Rule 56(c) of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are <u>no</u> genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment <u>cannot rest on his pleadings</u> to present an issue of fact but <u>must make a response</u> to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir.1984).

## FACTS

Prior to his incarceration, plaintiff Lester was involved in two accidents that caused him to be in substantial pain. Lester has been taking prescription pain medications for some time. At all times pertinent to this litigation — between January and May 2006 — plaintiff Lester was incarcerated within the Georgia Department of Corrections.

During the time in question, Lester was seen at medical **more than thirty times** for various reasons, including his constant pain. Lester saw different doctors, nurses, and physicians assistants in that time period. Different doctors prescribed different medications for Lester's pain, and the medications involved included Darvocet, Neurontin, Baclofen, Naprosyn, Ultram, and Percogesic. Lester was also ordered to use a hot compress.

There is no medical evidence in the record even suggesting that any defendant acted without Lester's interests in mind. The specific disputes Lester cites in his briefs and statements of disputed facts involve dosage amounts, and there is one four-day stretch over which Lester claims to have not been given any pain medication.

**DISCUSSION**

The Eleventh Circuit has consistently held that treatment for an inmate's medical problems can violate the Eighth Amendment, but only when the treatment "is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). *Harris* clarifies that statement, saying that medical treatment for prisoners does not need to be "perfect, the best obtainable, or even very good." *Id.* at 1510. Moreover, there is a subjective component to an Eighth Amendment claim which provides that those neglecting an inmate plaintiff's right to be free of cruel and unusual punishment must display "obduracy and wantonness, not inadvertence or error in good faith" in order to be held liable. *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995). These factors have been summarized by the phrase "deliberate indifference."

> [D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence. Therefore, summary judgment must be granted for the defendant official unless the plaintiff presents evidence of the official's subjective knowledge, as follows: since a finding of deliberate indifference requires a finding of the defendant's subjective awareness of the relevant risk, a genuine issue of material fact exists only if the record contains evidence, albeit circumstantial, of such subjective awareness.

*McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) (internal punctuation and citations omitted).

Lester has failed to provide **any** medical evidence that the treatment he received was anything other than adequate. Rather, Lester has provided countless examples of instances where he desired a different treatment regiment which the Eleventh Circuit has made abundantly clear does not amount to deliberate indifference. *See **Adams v. Poag**, supra* at 1545.

Lester claims that doctors would take him off of one prescribed medication and that they therefore demonstrated deliberate indifference because they disregarded a prescribed treatment. This argument is entirely without merit, as doctors are entitled to modify treatments based on what they feel is in the best interest of their patients.

Plaintiff has complained that when he was newly admitted to a prison, he did not receive his prescribed medications for four days. However, the defendants have provided evidence that Lester's medical profile was not yet transferred and that they therefore did not have his prescriptions. A four day period of going without medication does not give rise to a constitutional violation when there is no evidence in the record to show that any defendant was subjectively aware of the need for such medication.

## CONCLUSION

In order to prove deliberate indifference to a plaintiff's complaints of pain, the plaintiff must show both an objective disregard of the pain by the defendants and their subjective knowledge that he plaintiff was not receiving adequate care. Lester has not provided any evidence of either in this case.

For the reasons stated above, the defendants' Motions for Summary Judgment (Tabs #46 and #60) are **GRANTED**.[1]

SO ORDERED this 24th day of SEPTEMBER, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Lester's Motion for Preliminary Injunction and a Preliminary Injunction (Tab #89) which deals with the same substantive issues as are involved in his complaint, is **DENIED**.